1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

Northern District of California

10

Oakland Division

11

J & J SPORTS PRODUCTIONS, INC.,                    No. C 10-04540 LB

12          Plaintiff,                              **REPORT AND RECOMMENDATION**
13    v.                                            **REGARDING PLAINTIFF'S MOTION**
                                                    **FOR DEFAULT JUDGMENT**
    ELISA AQUINO MARCAIDA, individually
14  and d/b/a Manila Manila 2 Restaurant a/k/a      **[ECF No. 13]**
    Manila Manila 2,
15
16          Defendant.
    _____/
17                              **I.  INTRODUCTION**

18      Plaintiff J & J Sports Productions, Inc. ("J & J Sports") brings this action against Defendant

19  Elisa Aquino Marcaida, individually and doing business as Manila Manila 2 Restaurant, alleging

20  that Marcaida unlawfully intercepted and broadcasted a boxing match for which J & J Sports owned

21  the distribution rights in violation of 47 U.S.C. §§ 605(a) and 553.  J & J Sports now moves for

22  default judgment against Marcaida.  The court recommends that J & J Sports's motion for default

23  judgment be granted and that the court award $1,800 in statutory damages, $500 in enhanced

24  damages, $1,648.25 in attorney's fees, and $550 in costs.  Because the defendant has not appeared

25  and thus has not consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c), this matter

26  should be reassigned to a district judge with this recommendation for default judgment.

27                                  **II.  FACTS**

28      J & J Sports contracted for the right to distribute the March 13, 2010 broadcast of the

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1  Pacquaia/Clotttey boxing match via closed circuit television and encrypted satellite signal.

2  Complaint, ECF No. 1 at 4, ¶ 16.[1]  J & J Sports entered into subsequent agreements with various

3  California commercial establishments that permitted the entities to exhibit the broadcast.  *Id.* at ¶ 17.

4       Marcaida is the principal, supervisory individual, and individual with close control over Manila

5  Manila Restaurant, which is a business in Newark, California.  *Id.* at 3, ¶¶ 8-14.  J & J alleges that

6  Marcaida or her agents/employees illegally intercepted and exhibited the March 13 broadcast for

7  purposes of direct and/or indirect commercial advantage and/or private financial gain.  *Id.* at 4, 6 ¶¶

8  19, 20 (describing the ways to illegally intercept the satellite signal), 27.  On the evening of the

9  boxing match, two auditors hired by J & J Sports visited Manila Manila 2, and they observed the

10 exhibition of the boxing match on two screens.  Plaintiff's Affidavit, Exhibits C & E, ECF No. 13-1

11 at 23, 31.  Between nine and fourteen patrons were present.  *Id.* at 24, 32.  The maximum capacity

12 was posted as 50 people.  *Id.* at 32.  The license fee to exhibit the broadcast at a commercial

13 establishment of this size was $1,800.  Motion for Default Judgment, Exhibit B, ECF No. 13-4 at 22.

14      J & J Sports filed the complaint on October 7, 2010 and served it on Marcaida on October 24,

15 2010.  *See* Complaint, ECF No. 1; Proof of Service, ECF No. 8.  Marcaida did not answer by the

16 required deadline (and never appeared in the case).  J & J Sports moved for entry of default on

17 December 28, 2010 and served Marcaida that same day.  ECF No. 10 at 1; ECF No. 10-3 at 1.  The

18 clerk entered default judgment against Marcaida on December 29, 2010.  ECF No. 12.  J & J Sports

19 filed its motion for entry of default judgment on January 13, 2011 and served Marcaida that same

20 day.  ECF No. 13; ECF No. 13-7.

21      J & J Sports's complaint asserts two causes of action, alleging that Marcaida violated the Federal

22 Communications Act of 1934, 47 U.S.C. § 605(a) and the Cable & Television Consumer Protection

23 and Competition Act of 1992, 47 U.S.C. § 553.  Complaint, ECF No. 1 at 5-6, ¶¶ 21, 30.[2]  As to the

24

25 _____

26      [1] Citations are to the docket numbers in the Electronic Case File (ECF) with pin cites to the electronically-stamped pages at the top of the document (as opposed to numbers at the bottom).

27      [2] J & J Sports acknowledges that Marcaida can be liable under only one of these statutes.

28 Complaint, ECF No. 1 at 7, ¶ 32.  *See J & J Sports Productions, Inc. v. Ro*, No. C 09-02860 WHA, 2010 WL 668065, at *3 (N.D. Cal. Feb.19, 2010).

1   first cause of action, J & J Sports requests up to $110,000 in damages.[3]  *Id.* at 7.  As to the second

2   cause of action, J & J Sports requests up to $60,000 in damages.[4]   In its motion for default

3   judgment, J & J Sports asks for $10,000 in statutory damages and $20,000 in enhanced statutory

4   damages for the alleged 47 U.S.C. § 605(a) violation.  Motion for Default Judgment, ECF No. 13-4

5   at 13.   J & J Sports's complaint also seeks the award of attorney's fees and costs pursuant to 47

6   U.S.C. § 605(e)(3)(B)(iii) or 47 U.S.C. § 553(c)(2)(C).  Complaint, ECF No. 1 at 7.

### III. DISCUSSION

7   **A.  <u>Subject Matter and Personal Jurisdiction</u>**

9        Before entering default judgment, a court must determine whether it has subject matter

10   jurisdiction over the action and personal jurisdiction over the defendant.  *See In re Tuli*, 172 F.3d

11   707, 712 (9th Cir. 1999).

12   **1.  Subject Matter Jurisdiction**

13        The court has subject matter jurisdiction because J & J Sports's claims arise under the Federal

14   Communications Act of 1934, 47 U.S.C. § 605, and the Cable & Television Consumer Protection

15   and Competition Act of 1992, 47 U.S.C. § 553.

16   **2.  Personal Jurisdiction**

17        Marcaida is a resident of Fremont, California, and owns and operates a restaurant called Manila

18   Manila 2 Restaurant in Newark, California.  *Id.* at ¶¶ 8, 12.  The court has personal jurisdiction.

19   **B.  <u>Default Judgment</u>**

20        Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for –

---

23        [3]  Although the complaint does not specify this, the amount appears to be comprised of $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) for the violation plus an additional $100,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) on the ground that Marcaida willfully and knowingly intercepted the boxing match for private financial gain or commercial advantage.

26        [4]   Although the complaint does not specify this, the amount appears to be comprised of $10,000 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii) for the violation plus an additional $50,000 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(B) on the ground that Marcaida willfully and knowingly intercepted the boxing match for private financial gain or commercial advantage.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    and the court may grant – a default judgment against a defendant who has failed to plead or

2    otherwise defend an action.  Default judgments generally are disfavored because "cases should be

3    decided on their merits whenever reasonably possible."  *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th

4    Cir. 1986).

5         The court must consider the following factors when deciding whether to use its discretion to

6    grant a motion for default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of

7    plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in

8    the action; (5) the possibility of a dispute about the material facts; (6) whether the default was due to

9    excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure

10   favoring decisions on the merits.  *Id.* at 1471-72.  The factors here favor entry of default judgment

11   against Marcaida.

12        **1.  Merits and sufficiency of complaint (prongs two and three of *Eitel* test)**

13        After entry of default, well-pleaded allegations in the complaint regarding liability and entry of

14   default are taken as true, except as to the amount of damages.  *See Fair Housing of Marin v. Combs*,

15   285 F.3d 899, 906 (9th Cir. 2002).  The court is not required to make detailed findings of fact.  *Id.*

16        J & J Sports seeks entry of default judgment on its claims brought pursuant to 47 U.S.C. § 605(a)

17   and 47 U.S.C. § 553(a).  The Federal Communications Act prohibits the unauthorized interception

18   and reception of radio signals.  47 U.S.C. § 605(a).  Section 553(a) prohibits the unauthorized

19   interception or reception of cable signals.  47 U.S.C. § 553(a)(1).  J & J Sports was unable to

20   ascertain precisely how Marcaida intercepted the broadcast.  But the factual allegations in J & J

21   Sports's complaint support the conclusion that Marcaida intercepted, without authorization, a

22   transmission of the boxing match and broadcast it to its patrons.  *See J & J Sports Productions, Inc. v.*

23   *Juanillo*, No. C 10-01801 WHA, 2010 WL 5059539, at *1-*2 (N.D. Cal. Dec. 6, 2010)

24        **2.  The Remaining *Eitel* Factors**

25        The remaining *Eitel* factors, on balance, also weigh in favor of granting default judgment.

26        *a.  Possibility of prejudice to plaintiff*.  If the motion is not granted, J & J Sports has no recourse

27   for recovery. Accordingly, the first *Eitel* factor favors granting default judgment.  *Id.* at *2.

28        *b.  Possibility of dispute concerning a material fact*.  Marcaida never answered the complaint,

REPORT AND RECOMMENDATION (C 10-04540 LB)

4

UNITED STATES DISTRICT COURT
For the Northern District of California

1  and so there is no information that there might be a disputed issue of material fact.  The issues are

2  straightforward: did Marcaida exhibit the broadcast without a license and was it done for commercial

3  gain.  Given that the issues are easily ascertainable, the possibility for substantial fact disputes seems

4  unlikely.  *Id.*

5       *c. Excusable Neglect.*  There is no suggestion of excusable neglect.  *Id.*

6       *d. Small sum of money at stake in the action.*  When the money at stake in the litigation is

7  substantial or unreasonable, default judgment is discouraged.  *See Eitel*, 782 F.2d at 1472 (three-

8  million dollar judgment, considered in light of parties' dispute as to material facts, supported decision

9  not to enter summary judgment).  The amounts in the recommended judgment – set forth below – are

10  small and reasonable.  *See id.* (awarding $2,500 in damages for the statutory violation and a

11  conversion claim); *J & J Sports Productions, Inc. v. Cortes*, No. C 08-4287 CRB, 2009 WL 801554,

12  at *3 (N.D. Cal. Mar. 25, 2009) (awarding a total of $8,950.75 in statutory damages and attorney's

13  fees and costs).  This factor does not disfavor default judgment.

14       *e. Strong policy in Federal Rules favoring decisions on merits*.  Despite the policy of favoring

15  decisions on the merits, default judgment is appropriate when a defendant refuses to litigate a case.

16  Fed. R. Civ. P. 55(b); *J & J Sports Productions, Inc. v. Juanillo*, 2010 WL 5059539, at *2.

17  **C.  Damages**

18       A court may award statutory damages of "not less than $1,000 or more than $10,000" for a

19  violation of section 605(a) and may also award enhanced damages of up to $100,000 if the "violation

20  was committed willfully and for purposes of direct or indirect commercial advantage or private

21  financial gain."  47 U.S.C. § 605(e)(3)(C)(i)(II), (e)(3)(C) (ii).  A court may award statutory damages

22  of "not less than $250 or more than $10,000" for a violation of section 553(a) and may increase the

23  award by up to $50,000 if the "violation was committed willfully and for purposes of commercial

24  advantage or private financial gain."  47 U.S.C. § 553(c)(3)(A), (B).  J & J Sports can recover

25  damages under only one statute.  *See J & J Sports Productions, Inc. v. Manzano*, NO. C 08-01872

26  RMW, 2008 WL 4542962, at *2 (N.D.Cal. Sept.29, 2008) ("A signal pirate violates section 553 if he

27  intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast. But he cannot

28  violate both by a single act of interception.").  For the reasons provided below, the court recommends

UNITED STATES DISTRICT COURT
For the Northern District of California

1  the award of $1,800 in statutory damages for the violation of 47 U.S.C. § 553(a) and $500 in

2  enhanced damages.

3      In its motion for default judgment, J & J Sports asks for $10,000 in statutory damages and

4  $20,000 in enhanced statutory damages for the alleged 47 U.S.C. § 605(a) violation.  Motion for

5  Default Judgment, ECF No. 13-4 at 13.  In a similar case, Judge Breyer determined that damages

6  should be awarded under section 605 instead of section 553, based on the analysis of the legislative

7  history as discussed in *International Cablevision v. Sykes*, 997 F.2d 998, 1009 (2d Cir.1993).  *J & J*

8  *Sports Productions, Inc. v. Cortes*, 2009 WL 801554, at *2.  On the other hand, in two cases in which

9  J & J Sports was unable to establish whether the defendant had violated section 605(a) or section

10  553(a) because neither a cable box nor satellite dish were visible, the district courts awarded damages

11  under section 553 based on the understanding that cable boxes are more easily hidden than satellite

12  dishes.  *J & J Sports Productions, Inc. v. Juanillo*, 2010 WL 5059539, at *2; *J & J Sports*

13  *Productions, Inc. v. Guzman*, No. 5:09-cv-05124-JF/HRL, 2010 WL 4055934, at *2 (N.D. Cal. Oct.

14  14, 2010) (same).  In this case, neither auditor observed either a cable box or satellite dish.  Plaintiff's

15  Affidavit, Exhibits C & E, ECF No. 13-1 at 23-24, 31-32.  Moreover, while J & J Sports should not

16  be prejudiced because of Marcaida's default, if J & J Sports wanted to prove that Marcaida

17  intercepted radio signals in violation of § 605(a), it could have filed a third party subpoena or

18  requested an order for inspection.  *See J & J Sports Productions, Inc. v. Ro*, 2010 WL 668065, at *3

19  (applying section 553 instead of section 605 where J & J Sports's auditor saw a satellite dish but J &

20  J Sports did not pursue additional third-party discovery to determine the absence of a cable box).

21  Thus, the court recommends awarding damages under section 553.

22      The court recommends awarding $1,800 (the amount that J & J Sports would have received if

23  Marcaida had purchased a license to exhibit the broadcast) in statutory damages for the violation and

24  $500 in enhanced damages.  This amount, along with the award of attorney's fees discussed below, is

25  appropriate to punish a first-time offender and promote general deterrence.  *See J & J Sports*

26  *Productions, Inc. v. Ro*, 2010 WL 668065, at *6 (awarding $250 in statutory damages, $0 in

27  enhanced damages, and $2,000 for a conversion claim); *J & J Sports Productions, Inc. v. Juanillo*,

28  2010 WL 5059539, at *3 (awarding $500 in statutory damages, $0 in enhanced damages, and $2,000

1   for a conversion claim); *J & J Sports Productions, Inc. v. Cortes*, 2009 WL 801554, at *3 (awarding

2   $2,000 in statutory damages and $6,000 in enhanced damages).

3   **D. Attorneys' Fees and Costs**

4       J & J Sports requests full attorneys' fees and costs.  Motion for Default Judgment, ECF No. 13-4

5   at 13-14.  Plaintiff's counsel submitted an affidavit that provides detailed billing records and costs.

6   Attorney Affidavit in Support of Default and Costs and Fees, ECF No. 13-2 at 4-6.  Plaintiff's

7   counsel requests costs of $350 in filing fees and $200 in service of process fees.  *Id.* at 4.  Plaintiff's

8   counsel also requests $1,648.25 in fees.  *Id.* at 4.  The breakdown of these fees is as follows: (a) 6.91

9   hours of attorney time at $200 per hour for a total of $1,382.00 and (b) 3.55 hours of paralegal time at

10   $75 per hour for a total of 266.25.  *Id.* at 4-5.

11       Under section 605, the court must award attorneys' fees and costs to a prevailing aggrieved party.

12   47 U.S.C. § 605(d)(3)(B)(iii).  Under section 553, the court *may* award attorneys' fees and costs.  47

13   U.S.C. § 553(c)(2)(C).  "Given the burden borne by cable operators to protect and redress their

14   statutory rights through civil actions from what is also criminal conduct," it is appropriate to award

15   attorneys' fees in this type of case.  *See Century ML-Cable Corp. v. Diaz*, 39 F.Supp.2d 121, 126

16   (D.P.R.1999).

17       The court finds the costs reasonable.

18       To determine a reasonable fee award, the Ninth Circuit uses the lodestar method.  *Grove v. Wells*

19   *Fargo Financial Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010).  The court calculates a "lodestar

20   amount" by multiplying the number of hours counsel reasonably spent on the litigation by a

21   reasonable hourly rate.  *Id.*

22          a. *Reasonable Hourly Rate*

23       A reasonable hourly rate is that prevailing in the community for similar work performed by

24   attorneys of comparable skill, experience, and reputation.  *Moreno v. City of Sacramento*, 534 F.3d

25   1106, 1111 (9th Cir. 2008); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

26   The relevant community is "the forum in which the district court sits," which here is the Northern

27   District of California.  *Camacho*, 523 F.3d at 979.  The party requesting fees must produce

28   satisfactory evidence – in addition to the attorney's own affidavits or declarations – that the rates are

UNITED STATES DISTRICT COURT
For the Northern District of California

REPORT AND RECOMMENDATION (C 10-04540 LB)

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1     in line with community rates. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Jordan v.*

2     *Multomah County*, 815 F.2d 1258, 1263 (9th Cir.1987).

3        The court's docket review establishes that the Northern District has approved the same hourly

4     rates for counsel and her paralegal. *See J & J Sports Productions, Inc. v. Cortes*, 2009 WL 801554,

5     at *3, ECF No. 19-2 at 2 (approving $200 hourly rate for same counsel and $75 hourly rate for

6     paralegal in similar case); *Joe Hand Promotions, Inc. v. Ho*, No. C-09-01435 RMW, 2009 WL

7     3047231, at *2 (N.D. Cal. Sept. 18, 2009), ECF No. 13-2 at 2 (approving $200 hourly rate for same

8     counsel and $75 hourly rate for paralegal in similar case). Based on this information, the court finds

9     that the hourly rates here are reasonable.

10        *b. Reasonable Hours Expended*

11        Reasonable hours expended on a case are hours that are not "'excessive, redundant, or otherwise

12     unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v.*

13     *Eckerhart*, 461 U.S. 424, 434 (1983)). The party requesting fees must provide detailed time records

14     documenting the tasks completed and the time spent. *See Hensley*, 461 U.S. at 434; *McCown*, 565

15     F.3d at 1102; *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007). Plaintiff's

16     counsel provided a detailed record and, along with the paralegal, expended a total of 10.46 hours.

17     Attorney Affidavit in Support of Default and Costs and Fees, ECF No. 13-2 at 4-6. The court finds

18     the hours reasonable. *See J & J Sports Productions, Inc. v. Ro*, 2010 WL 668065, at *4-*5 (awarding

19     $1,500 in attorneys' fees and costs).

20                               **V. CONCLUSION**

21        The court **RECOMMENDS** that the district court **GRANT** J & J Sports's Motion for Default

22     Judgment. The court further **RECOMMENDS** that the district court **AWARD** J & J Sports $1,800

23     in statutory damages for a violation of section 553(a), $500 in enhanced damages, $1,648.25 in

24     attorney's fees, and $550 in costs.

25        This disposes of ECF No. 13.

26        **IT IS SO RECOMMENDED.**

27     Dated: February 17, 2011

28                                  _____
                                 LAUREL BEELER
                                 United States Magistrate Judge

REPORT AND RECOMMENDATION (C 10-04540 LB)